No. 211
### FRIEDMAN v. HUNTSBERRY et al
Ohio Appeals, 9th Dist., Summit Copnty
No. 728. Decided Dec. 3, 1923
Published Only in Ohio Law Abstract

997. REAL ESTATE—Proposed erection of gas and automobile accessories station in a restricted residential district violates the allotment provision of deeds—Notice of sufficient to restrict purchasers of lots.

Funk, P. J., Pardee and Washburn, JJ.
PER CURIAM.

This action was brought by plaintiff, Friedman, in the Court of Common Pleas of Sum-

mit County and was heard upon the evidence and decided in her favor and was taken to the Court of Appeals on appeal from the decision of the Common Pleas Court.

The facts in the case are, that in 1917 one Frank took title to five certain lots in the City of Akron, which he subsequently subdivided and sold the parcels to 11 different persons, and in each deed was inserted the following restriction:

"Provided, however, that it is now and hereby is agreed agreed by the grantor, his heirs and assigns, and the grantee, her heirs and assigns, that all of the lots 106, 107, 108, 114 and 115 in said Gale Allotment, are, and shall be, restricted to use for residence purposes only for and during a period of twenty years from and after April 1, 1917, and during said period the premises hereby conveyed can be used for no other purpose by the grantee, her heirs and assigns."

Gladys Rogers was a purchaser of one of these parcels and sold it to defendants Ountsberries by land contract and it was alleged in the petition that they propose to erect upon two parcels a gas station and automobile accessory store. The plaintiff, Friedman, is also owner of other parcels and brought this action to restrain the defendants from violating the above covenant.

The Court of Appeals heard the case on a transcript of the evidence taken in the court below and decided that the restrictions imposed by the original deeds from Frank to his several grantees are binding and enforceable and when the defendants, Huntsberries, entered the land contracts, they had full notice of the restrictions and are bound thereby. In the opinion of the court the law applicable to this case is well settled in Ohio.

Attorneys—Friedman, Rockwell & Grant, and Anderson, Ormsby and Kennedy, Akron, for plaintiff; Commins, Brouse, Englebeck and McDowell, Akron, for defendants.